IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICKIE J. CRANE,
               Plaintiff,

v.

DHAMI TRUCKING, LLC, BALBIR
DHAMI, RAJVINDER S. DHANI, JASPAL
BUTTAR,
               Defendants.

CV. 05-531-PK

FINDINGS &
RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff filed this action for negligence and negligence per se in federal court based upon diversity of citizenship. Defendants have moved to dismiss on the grounds that the plaintiff failed to make service within the 60 days allotted by O.R.S. 12.220. Plaintiff argues that under the Federal Rules of Civil Procedure or, in the alternative, the California Code of Civil Procedure, the action was commenced on the date the complaint was filed and, therefore, was timely.

      For the reasons that follow, the Defendants' Motion for Summary Judgment (No. 9)

Page 1 - FINDINGS & RECOMMENDATION

should be granted.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only after the moving party has made such a showing does the burden shift to the opposing party to show that a genuine issue of fact remains. See Fed. R. Civ. P. 56(e).

To establish the existence of a genuine issue of material fact, the non-moving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of proof at trial. See Celotex Corp., 477 U.S. at 322-23; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Harper, 877 F.2d at 731. The opposing party may not rest on conclusory allegations or mere assertions, see Taylor, 880 F.2d at 1045; Leer v. Murphy, 844

F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, see Anderson, 477 U.S. at 249-50; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Taylor, 880 F.2d at 1045. Where "the factual context renders [the non-moving party's] claim implausible . . ., [that party] must come forward with more persuasive evidence to support his claim than would otherwise be necessary" to show that there is a genuine issue for trial. Matsushita Elec. Indus. Co., 475 U.S. at 587; see also Harper, 877 F.2d at 731.

## FACTS[1]

Plaintiff Crane is a citizen of the State of Oregon. Defendants Dhani, Dhami, and Dhami Trucking are citizens of the State of California. Defendant Buttar is a citizen of the State of Arizona.

On or about April 18, 2003, Crane was involved in a motor vehicle accident with a vehicle owned by Dhani and operated by Buttar. The accident occurred on a county road near Pendleton, Oregon.

Crane filed the complaint in this action on April 15, 2005. On July 14, 2005, Crane attempted service on Dhami Trucking and Dhami by leaving summonses and copies of the complaint with an agent for Dhami Trucking. On August 4, 2005, Crane sent a follow-up mailing to the agent for Dhami Trucking. On August 8, 2005, Crane attempted service on Dhani

---

[1]The facts set forth herein are drawn from the Complaint, Answers, and Defendant's Concise Statement of Material Facts. Plaintiff did not file a Concise Statement of Material Fact or supporting affidavit.

Page 3 - FINDINGS & RECOMMENDATION

by mailing a summons and copy of the complaint to his out of state address by Express Mail. Between July 14, 2005, and August 12, 2005, Crane attempted service on Buttral.[2]

ANALYSIS

Under Oregon law, an action is commenced when the complaint is filed and the summons is served on the defendant. O.R.S. 12.020(1). If the summons is served within 60 days of the date the complaint was filed, the commencement date will relate back to the filing date. ORS 12.020(2). In other words, O.R.S. 12.020(2) provides a 60 day grace period for a plaintiff to effect service.

Under the Federal Rules of Civil Procedure, an action is commenced on the date the complaint is filed with the court. Fed. R. Civ. P. 3. Fed. R. Civ. Pro. 4(m) then sets a 120 time frame within which a plaintiff must serve the defendant.

Under California law, an action is commenced on the date the complaint is filed. Cal. Code Civ. Pro. §350.

Here, Plaintiff filed the complaint on April 15, 2005, within two-years from the date of the accident.[3] Plaintiff did not serve defendants, however, until more than 60 days had passed from the date of filing. Because Plaintiff did not effect service within the 60 day grace period provided by O.R.S. 12.020, Defendants argue that Plaintiff's claims should be dismissed for failure to commence the action within the two years statute of limitations. Plaintiff argues that

---

[2] For purposes of this motion, the court need not address whether service on each of the defendants was proper.

[3] Plaintiff and Defendants cite a two-year statute of limitations: Plaintiff relies on the California statute, Cal. Code Civ. Pro. §335.1; Defendants rely on the Oregon statute, O.R.S. 12.110(1).

Page 4 - FINDINGS & RECOMMENDATION

the commencement date is governed by FRCP 3 or, in the alternative, the California rule, and that the action is, therefore, timely.

In diversity cases, federal courts apply state substantive law. <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). Following <u>Erie</u>, a line of Supreme Court cases addressed the issues arising in this case, *i.e.* whether a state statute establishing the date of "commencement" would govern over Fed. R. Civ. Pro. 3. In <u>Guaranty Trust Co v. York</u>, 326 U.S. 99 (1945), the Court applied <u>Erie</u> to statutes of limitations, holding that the state statute governed. <u>Id.</u> at 110. In <u>Ragen v. Merchants Transfer & Warehouse Co.</u>, 337 U.S. 530 (1949), the court addressed the tension between Fed. R. Civ. Pro. 3 and a state statute similar to O.R.S. 12.020 and applied the state statute, requiring service within the statutory period. <u>Ragen</u> set forth broad language suggesting that any provision that is "integral to " the state statute of limitations must be applied in a diversity case. <u>Id.</u> at 533-34. In <u>Hanna v. Plummer</u>, 380 U.S. 460 (1965), the court addressed whether in a diversity suit Fed. R. Civ. P. 4(d)(1) or the state rule governed the manner in which process was served, and held that the federal rule would control.

The <u>Hanna</u> Court noted that the <u>Erie</u> doctrine was not the appropriate test of validity and applicability of one of the Federal Rules of Civil Procedure:

> The <u>Erie</u> rule has never been invoked to void a Federal Rule. It is true that there have been cases where this Court had held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that <u>Erie</u> commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, <u>Erie</u> commanded the enforcement of state law.

Page 5 - FINDINGS & RECOMMENDATION

Id. at 470. The Court cited Ragen as an example of a case where the Federal Rule did not cover the point in dispute and Erie therefore required application of state law. Id. at 470, n. 12. The Court then explained that where the Federal Rule was clearly applicable, as in Hanna, the correct test was whether the Rule was within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and if so, within a constitutional grant of power such as the Necessary and Proper Clause of Art. I. Id. at 470-472.

Despite the fact that Hanna distinguished Ragen, some courts questioned the continuing validity of Ragen. In Walker v. Armco Steel Corp, 446 U.S. 740 (1980), however, the Court reaffirmed the applicability of Ragen. There, the Court was presented with the identical question addressed in Ragen: whether the state statute requiring filing of the complaint and service of process to toll the statute of limitations, or the federal rule requiring only filing of the complaint, was applicable. Id. at 741. The Court explained that because there was no direct conflict between the federal rule and the state statute, the Hanna analysis did not apply and the state statute was applicable. Id. at 750-51.

Based on the above line of cases, the Ninth Circuit has set forth the following multi-step inquiry for determining whether federal rules, or state rules, govern in a diversity suit:

> First, we must determine if the federal rule and state rule are actually coextensive. If the federal rule does not address the situation, there would be no conflict between state and federal rules. We would then apply the Erie [R. Co. v. Tompkins, 304 U.S. 64 (1938) ] analysis to determine if the federal court should enforce the state rule. If the federal rule does address the situation, there would be an unavoidable conflict between the state and federal rules. We would then apply the Hanna [v. Plumer, 380 U.S. 460, (1965) ] analysis: if the federal rule is within the scope of constitutional power and the Rules Enabling Act, it applies unless the Erie considerations are so strong that they can justify

interrupting the normal function of the federal court processes.

Olympic Sports Prods. v. Universal Athletic Sales Co., 760 F.2d 910, 914-15 (9th Cir. 1985).

In this case, in order to address the first question, *i.e.* whether the federal and state rules are coextensive, the court must determine what state's substantive law applies to Plaintiff's claims.

Choice of Law

In a diversity action, the federal court must apply the choice of law rules prevailing in the forum state. Klaxon Co., Inc. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 498 (1941); Alaska Airlines, Inc. v. United Airlines, Inc., 902 F.2d 1400, 1402 (9th Cir. 1990). Accordingly, this court must apply the choice of law rules established and followed by the Oregon State courts.

Oregon has adopted the approach set forth in the Restatement (Second) of Conflicts of Laws § 145 (1971), which looks to the substantive law of the state having the most significant relationship with the occurrence and the parties. Casey v. Manson Constr. Co., 247 Or. 274 287-88 (1967). At the first step of this analysis, we determine whether there is a material difference between Oregon law and California law. Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc., 182 Or. App. 347, 352 (2002). If there is no material difference, the law of the forum state governs. Id. If there is a conflict, we proceed to the next step of the analysis and apply the forum's choice of law test. Id. at 358.

In making the comparison of substantive law, the court must look at conflicts in the

substantive law that governs the merits of the claims, not the various states' statutes of limitation. Under Oregon law, the state that provides the substantive law will also provide the statute of limitations:

> (1) Except as provided by O.R.S. 12.450, if a claim is substantively based:
> (a) Upon the law of one other state, the limitation period of that state applies; or
> (b) Upon the law of more than one state, the limitation period of one of those states, chosen by the law of conflict of laws of this state, applies.
> (2) The limitation period of this state applies to all other claims.

O.R.S. 12.430.

Here, the parties have not briefed the issue of whether the law of Oregon and California relating to negligence, vicarious liability, damages, and offsets, conflict. The court finds however, that the same result would be reached whether there was a conflict or not. Specifically, even if there was a conflict between the laws of Oregon and California, Oregon substantive law would apply because Oregon is the state with the most significant relationship to the parties and the occurrence.

Under the Restatement approach, a court should consider the following contacts to determine which state has "the most significant relationship" to the case: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145.

In this case, the injury and the conduct causing the injury both occurred in Oregon.

Page 8 - FINDINGS & RECOMMENDATION

Plaintiff is a citizen of Oregon; Defendants are citizens of California or Arizona. Because the accident is the only factor linking the Plaintiff to the Defendants, the relationship between the parties is centered in Oregon, where the injury occurred.

Restatement (Second) of Conflicts of Law § 146 provides,

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6[4] to the occurrence and the parties, in which event the local law of the other state will be applied.

Nothing in the record before this court has convinced the court that California has a more significant relationship to the occurrence and the parties.[5]

---

[4] Restatement (Second) of Conflicts of Laws § 6 provides,

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>     (a) the needs of the interstate and international systems,
>     (b) the relevant policies of the forum,
>     (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>     (d) the protection of justified expectations,
>     (e) the basic policies underlying the particular field of law,
>     (f) certainty, predictability and uniformity of result, and
>     (g) ease in the determination and application of the law to be applied.

[5] Indeed, it is difficult to imagine California having a significant interest in the application of its law when the result would be a situation where a California resident could be sued in Oregon by an Oregon resident but an Oregon resident in the same situation would not be subject to suit.

Because Oregon is the state with the most significant relationship with the occurrence and the parties in this case, the court will apply Oregon substantive law and the Oregon statute of limitations.

State Rule v. Federal Rules

The court now returns to the first part of the <u>Olympic Sports Prods.</u> analysis, *i.e.* consideration of whether the federal rule, Fed. R. Civ. Pro. 3 and 4(m), and the State rule, O.R.S. 12.220, are actually coextensive.

This question has already been directly addressed by the Ninth Circuit in <u>Torre v. Brickley</u>, 278 F.3d 917 (9th Cir. 2002). There, the court held that there is no direct conflict between the federal rules, setting the date of filing as the commencement date and providing for 120 days to serve the defendant, and the state rule, providing only 60 days to serve the defendant. <u>Id.</u> at 919. Specifically, the court agreed with a Tenth Circuit decision holding that,

> Rule 4(m) merely sets a procedural maximum time frame for serving a complaint, whereas [the state rule requiring service within 60 days] is a statement of a substantive decision by that state that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations.

<u>Id.</u> (quoting <u>Habermehl v. Potter</u>, 153 F.3d 1137, 1139 (10th Cir. 1998). Because there is no direct conflict between the federal rule and O.R.S. 12.020, the court in <u>Torre</u> held that the district court correctly applied O.R.S. 12.020 to the diversity action.

Similarly, here the court here must apply O.R.S. 12.020 to Plaintiff's claims. Because Plaintiff did not effect service within the 60 days provided by O.R.S. 12.020, the commencement date does not relate back to the date Plaintiff filed her complaint. Plaintiff's action was not filed

Page 10 - FINDINGS & RECOMMENDATION

within the two year statute of limitations in O.R.S. 12.110(1), and Plaintiff's action should be dismissed with prejudice.

Tolling for misrepresentation

The court notes Plaintiff's argument that even if O.R.S. 12.020 applies, the statute of limitations could be tolled on the grounds that Buttar misrepresented his actual residence on the drivers license provided to Plaintiff at the scene of the accident. However, because Plaintiff has failed to place any evidence on the record that would create a question of fact on this issue, the court finds this argument lacking in merit.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 11 - FINDINGS & RECOMMENDATION

CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (No. 9) should be GRANTED.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 1, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 18th day of November, 2005.

    /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge